UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHAN A. GIESECKE,

              Plaintiff,

    v.

MOVEMENT MORTGAGE LLC,

              Defendant.

Case No. 3:25-cv-05377-TMC

ORDER ON SECOND MOTION TO DISMISS

Before the Court is Defendant Movement Mortgage LLC's ("Movement") motion to dismiss Plaintiff Stephan A. Giesecke's second amended complaint. Dkt. 48. For the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion. The Court DISMISSES Mr. Giesecke's claims of fraudulent misrepresentation (Count I) and violation of the Washington Consumer Protection Act ("CPA") (Count III) WITH PREJUDICE. Dkt. 49-1.[1]

---

[1] Mr. Giesecke originally filed the second amended complaint at Dkt. 40, but Movement objected to the form of the complaint—namely, that it did not contain numbered paragraphs and "incorporate[d]" prior allegations from the previous complaints. Dkt. 48 at 2 n.1. Plaintiff re-filed the complaint to "add[] paragraph numbering and remove[] global incorporation language only" without making substantive changes. Dkt. 49-1 at 1. Movement has not objected to the form of the re-filed complaint, which appears to conform with Federal Rule of Civil Procedure 10 and Local Rule 15(a). The Court therefore treats Dkt. 49-1 as the operative complaint.

ORDER ON SECOND MOTION TO DISMISS - 1

## I.    BACKGROUND AND PROCEDURAL HISTORY

Proceeding pro se, Mr. Giesecke brings claims stemming from the aborted sale of his property to non-party buyers who sought financing from Movement. Dkt. 49-1 ¶¶ 1–12. He alleges fraudulent misrepresentation (Count I); tortious interference with contract (Count II); and violations of the Washington Consumer Protection Act ("CPA") (Count III). *Id*. at 1.

On April 2, 2025, Mr. Giesecke sued Movement in Thurston County Superior Court. Dkt. 1-1 at 2–8. A month later, Movement removed the case to federal court. Dkt. 1. On July 7, 2025, Mr. Giesecke amended his complaint for the first time. Dkt. 19. This Court dismissed Counts I and III of Mr. Giesecke's first amended complaint without prejudice on October 31, 2025. Dkt. 33. The Court summarized Mr. Giesecke's allegations as follows:

> In June 2024, Mr. Giesecke entered into a purchase and sale agreement to sell real property to buyers who are not a party to this case. The buyers applied for mortgage financing through Movement, and their purchase of Mr. Giesecke's property was contingent on Movement's approval of that financing.
>
> Mr. Giesecke alleges that "[t]hroughout June and into July 2024, [Movement] provided repeated verbal and written assurances that the buyers' loan application was proceeding smoothly, and that there were no underwriting concerns threatening loan approval." Additionally, Movement knew that the buyers recently sold property of their own for $1.3 million, "providing ample funds for the required down[ ]payment" on Plaintiff's property.
>
> Despite this, Movement issued the buyers a loan denial letter dated July 16, 2024—the closing date of the buyers' purchase agreement with Mr. Giesecke. The buyers then presented this letter to Mr. Giesecke on July 18, 2024, terminating their agreement to purchase the property under a financing contingency. Mr. Giesecke alleges the denial letter was "misleading and fraudulent," noting that it "was backdated, contained false representations regarding the buyers' financial status, and misrepresented the status of their application." Mr. Giesecke also alleges that "[w]ithin days of terminating the contract with Plaintiff, the same buyers received a nearly identical loan approval from Defendant to purchase another property of comparable value in a neighboring county, based on the same financial profile." According to Mr. Giesecke, this demonstrates "Defendant's knowledge that the buyers were creditworthy at all relevant times and that the denial was issued in bad faith to facilitate the buyers' breach."

ORDER ON SECOND MOTION TO DISMISS - 2

*Id.* at 1–2 (internal citations omitted). Mr. Giesecke then amended his complaint again to cure the deficiencies the Court identified in the claims it dismissed. Dkt. 49-1. While Mr. Giesecke removed some facts and added others, his core allegations remain the same—that Movement's denial of the buyers' loan was done to induce termination of the buyers' purchase contract with Mr. Giesecke. *See id.* ¶ 7 ("Movement's statements that the buyers were denied financing were false at the time made, and were intended to induce Plaintiff to accept collapse of the transaction. Movement knew these statements were false at the time made because it contemporaneously processed, underwrote, and approved a substantially similar Movement mortgage for the same borrowers under materially comparable circumstances.").

Movement filed the present motion on January 22, 2026. Dkt. 48. It asks the Court to dismiss the second amended complaint in its entirety, arguing that Mr. Giesecke "has essentially re-written his original Complaint and First Amended Complaint from scratch." *Id.* at 1. Mr. Giesecke responded on February 11, and Movement replied on February 19. Dkts. 49, 50.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

ORDER ON SECOND MOTION TO DISMISS - 3

(2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

When pleading claims of fraud, however, plaintiffs must meet the heightened standard of Federal Rule of Civil Procedure 9(b). "Rule 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (explaining that claims "grounded in fraud" or that "sound in fraud" "must satisfy the particularity requirement of Rule 9(b)").

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the [plaintiff] the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that

ORDER ON SECOND MOTION TO DISMISS - 4

are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

### III.    DISCUSSION

**A.    Count I: fraudulent misrepresentation**

Under Washington law, a plaintiff bringing a fraudulent misrepresentation claim must show the following:

> (1) a representation of existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that it be acted upon by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom the representation is addressed, (7) the latter's reliance on the truth of the representation, (8) the right to rely upon it, and (9) consequent damage.

*PCF Ins. Servs. of the W., LLC v. Fritts*, No. C23-1468-JCC, 2024 WL 1299954, at *2 (W.D. Wash. Mar. 27, 2024) (quoting *Elcon Const., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 166, 273 P.3d 965 (2012)).

In the second amended complaint, Mr. Giesecke alleges two discrete misrepresentations: one regarding the loan's approval and one regarding its denial. First, he alleges that his listing agent, after communicating with Movement's Loan Officers, "advised Plaintiff that Movement had approved the [buyers'] loan and authorized closing, and that Plaintiff should proceed to vacate and prepare for closing." Dkt. 49-1 ¶ 2. Mr. Giesecke alleges he relied on those statements and began vacating the property, only to later learn that "the buyers had changed their minds and requested Movement issue a loan denial certificate to cancel the transaction." *Id*. ¶¶ 3–4. Second, as in the previous version of the complaint, Mr. Giesecke alleges that Movement's ultimate denial of the loan was fraudulent and not premised on the buyers' financial ineligibility. *Id*. ¶ 7.

The Court previously dismissed Count I because "the complaint lack[ed] the facts necessary to support a claim for fraud under Rule 9(b)'s heightened pleading standard." Dkt. 33 at 7. This remains true for the second amended complaint.

With respect to the loan's approval, Mr. Giesecke's listing agent advised him on July 10, 2024—six days before the July 16, 2024 closing date—that Movement had approved the loan and that Mr. Giesecke "should proceed to vacate and prepare for closing." Dkt. 49-1 ¶ 2. Mr. Giesecke's agent based this on "direct email/text and telephone communications" with two Movement Loan Officers. *Id.* But Mr. Giesecke provides no further detail on those critical communications. The Court has no information about what Movement conveyed to Mr. Giesecke's agent and no way to assess whether its Loan Officers knowingly made false statements with an intent to deceive Mr. Giesecke.

With respect to the loan's denial, the Court reiterates that "regardless of the circumstances of the loan denial, Movement *did* deny the buyers' loan—meaning that Movement's representation of this fact to Mr. Giesecke was true." Dkt. 33 at 8. And while Mr. Giesecke maintains that Movement fabricated the underlying denial, he still falls short of Rule 9's heightened pleading standard. For example, Mr. Giesecke provides more detail on the "substantially comparable" mortgage that Movement offered the buyers two weeks after it denied the one here, only to reveal that the new mortgage was for a smaller amount ($805,000 versus $840,000) on a less expensive property ($1.15 million versus $1.2 million). Dkt. 49-1 ¶ 7; Dkt. 1-1 at 35. Mr. Giesecke fails to plead particularized facts showing that the buyers should have qualified for the larger loan.

Mr. Giesecke has failed to cure the deficiencies in Count I that the Court identified in its previous order. Taken as true, the alleged facts do not show that Movement made fraudulent misrepresentations about the approval or denial of the buyers' loan. The Court therefore GRANTS Movement's motion with respect to this claim. Count I is DISMISSED.

**B.    Count II: tortious interference with contract**

A party claiming tortious interference with a contract must establish five elements:

ORDER ON SECOND MOTION TO DISMISS - 6

(1) the existence of a valid contractual relationship or business expectancy; (2) that the defendant had knowledge of that expectancy; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resulting damage.

*Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*, 114 Wn. App. 151, 157–58, 52 P.3d 30 (2002).

Mr. Giesecke's claim that Movement fabricated a loan denial letter so that the buyers could "terminate the contract without penalty," Dkt. 49-1 ¶ 16, makes it plausible that Movement, "in doing so, ran afoul of a recognized rule of law or standard of trade." *Klein Griffith Props. Grp., LLC v. Wash. State Dep't of Com.*, No. 3:22-CV-05710-BJR, 2022 WL 17848831, at *5 (W.D. Wash. Dec. 22, 2022).

The Court previously rejected Movement's attempt to dismiss this claim, and the renewed motion fares no better. Dkt. 33 at 9–11. Now, Movement contends that it "made an independent lending decision as to the putative buyers' financial situation" when it denied their loan and "did not have any motive to issue a false denial." Dkt. 48 at 5, 7. But these are factual arguments that have no bearing on a Rule 12(b)(6) motion, and while Movement may present an innocent explanation for the loan denial at a later stage of the litigation, the Court is required to take Mr. Giesecke's allegations as true and draw all reasonable inferences in his favor. *Retail Prop. Tr.*, 768 F.3d at 945. Mr. Giesecke has alleged sufficient facts—such as the lateness of Movement's denial and its approval of a similar loan for the buyers two weeks later—to plausibly allege tortious interference. Dkt. 49-1 ¶¶ 7, 13–18.

The Court therefore DENIES the motion to dismiss with respect to Count II.

**C.    Count III: CPA**

In order to plead a valid CPA claim, plaintiffs must satisfy the factors outlined in *Hangman Ridge Training Stables, Inc. v. Safeco Title Insurance Co.* by alleging (1) an unfair or

ORDER ON SECOND MOTION TO DISMISS - 7

deceptive act or practice; (2) that occurs in trade or commerce; (3) that affects the public interest; (4) injury to business or property; and (5) causation. 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986).

The Court previously dismissed this claim because Mr. Giesecke alleged no threat to the public interest. Dkt. 33 at 11. The same is true with respect to the second amended complaint. Mr. Giesecke has not shown that the fabrication of loan denials has "the capacity to deceive a substantial portion of the public." *Skansgaard v. Bank of Am., N.A.*, 896 F. Supp. 2d 944, 949 (W.D. Wash. 2011) (quoting *Indoor Billboard/Wash, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 74–75, 170 P.3d 10 (2007)). As the Court previously noted, "Mr. Giesecke's citations to other cases involving Movement are unavailing because they concern unrelated conduct and do not show that the misconduct here—the intentional denial of loans to rescue lenders from unwanted purchase contracts—is likely to recur." Dkt. 33 at 12 (citing Dkt. 29 at 17–18). Mr. Giesecke's vague assertion that such conduct "could be imposed on any Washington borrower or seller" is insufficient to withstand a motion to dismiss. Dkt. 49-1 ¶ 28.

The Court therefore GRANTS Movement's motion with respect to this claim. Count III is DISMISSED.

## D.    Dismissal with prejudice

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

The Court finds it would be futile to grant Mr. Giesecke further leave to amend. The Court afforded Mr. Giesecke an opportunity to provide additional facts in support of his claims.

While he has added some details—such as information regarding the buyers' second loan and Movement's advertising practices—these are insufficient to resuscitate the dismissed claims. Because the Court "has previously granted leave to amend and believes further amendment would be futile," the Court dismisses Counts I and III with prejudice and without leave to amend. *Chesley v. City of Mesquite*, No. 221CV01946ARTDJA, 2023 WL 5206925, at *5 (D. Nev. Aug. 14, 2023); *see Prayed v. Alaska R.R. Corp.*, No. 19-35775, 2022 WL 1125666, at *1 (9th Cir. Apr. 15, 2022) ("The district court did not abuse its discretion by denying Prayed further leave to amend because it had previously granted leave to amend and Prayed had not cured the complaint's deficiencies.")

### IV.    CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Movement's motion to dismiss. Dkt. 48. The Court DISMISSES Counts I and III WITH PREJUDICE and without leave to amend.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON SECOND MOTION TO DISMISS - 9